O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JAWAD LATIF JAMES,          )      CASE NO. CV 10-00802 CAS (RZ)
                          )
            Petitioner,   )
                          )      ORDER SUMMARILY DISMISSING
       vs.             )      PETITION FOR LACK OF
                          )      JURISDICTION AND DENYING
DOMINGO URIBE, Warden,    )      ATTENDANT MOTIONS
                          )
           Respondent.   )
                          )

      Jawad Latif James has filed a successive habeas petition without the required Court of Appeals authorization.  This Court lacks jurisdiction to entertain the petition and thus dismisses it without prejudice and denies Petitioner's attendant motions without prejudice.

## I.

## APPLICABLE LAW

      Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

1    Section 2244 of Title 28, part of the Antiterrorism and Effective Death Penalty
2    Act, requires that the district court dismiss most successive habeas corpus petitions:

4    (b)    (1)    A claim presented in a second or successive habeas
5                  corpus application under section 2254 that was presented
6                  in a prior application shall be dismissed.

7           (2)    A claim presented in a second or successive habeas
8                  corpus application under section 2254 that was not
9                  presented in a prior application shall be dismissed
10                 unless –

11                 (A)    the applicant shows that the claim relies on a new
12                        rule of constitutional law, made retroactive to cases
13                        on collateral review by the Supreme Court, that
14                        was previously unavailable; or

15                 (B)    (i)    the factual predicate for the claim could not
16                               have been discovered previously through the
17                               exercise of due diligence; and

18                        (ii)   the facts underlying the claim, if proven and
19                               viewed in light of the evidence as a whole,
20                               would be sufficient to establish by clear and
21                               convincing evidence that, but for
22                               constitutional error, no reasonable factfinder
23                               would have found the applicant guilty of the
24                               underlying offense.

25          (3)    (A)    Before a second or successive application
26                        permitted by this section is filed in the district
27                        court, the applicant shall move in the appropriate

- 2 -

court of appeals for an order authorizing the district court to consider the application.

.    .    .

In *Felker v. Turpin*, 518 U.S. 651, 656-57, 664, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996), the Supreme Court noted that this statute transferred the screening or "gatekeeping" function for successive petitions from the district court to the court of appeals.  This provision has been held to be jurisdictional; the district court cannot entertain a successive petition without prior approval from the Court of Appeals.  *Cooper v. Calderon,* 274 F.3d 1270, 1273-74 (9th Cir. 2001).  The district court therefore either must dismiss a successive petition for lack of jurisdiction or may transfer the action, in the interest of justice, to the court where the action properly could have been brought.  28 U.S.C. § 1631; *Pratt v. United States*, 129 F.3d 54, 57 (9th Cir. 1997).

## II.

### DISCUSSION

Petitioner previously litigated a habeas petition challenging the same 1996 felony murder conviction that he targets in this action.  *See* docket in *James v. Malee*, C.D. Cal. Case No. 99-3684 CAS (RZ).  On October 19, 2000, the Court entered Judgment denying that prior petition on its merits and dismissing the action with prejudice.  *Id*. Accordingly, the petition in the present action is a second or successive petition.

Petitioner asserts that this petition is not successive because his current claim is based on a 2004 state court decision involving the scope of the felony murder doctrine. Even if such were a proper basis for permitting a successive petition, the petition is still successive.  Petitioner still must obtain the Court of Appeals's authorization before this Court can have jurisdiction to consider the matter.  (Even if the petition were not successive, it would be subject to dismissal for a different reason, namely that Petitioner has not exhausted any new claim(s) in the California Supreme Court.  The Court takes judicial notice, based on public databases, that Petitioner has not litigated any cases in the

California Supreme Court since that court denied further direct review in his criminal case in April 1998.)

Absent such authorization, this Court lacks jurisdiction.  Accordingly, the petition is DISMISSED.  The various motions attending the petition itself are DENIED WITHOUT PREJUDICE.


DATED: 2/12/10

_____
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE